## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATE RUTHVEN and DANIELLE HARMON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAZER SPOT, INC.,<br><br>Defendant. | Case No. 24-cv-00359<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nate Ruthven ("Ruthven") and Danielle Harmon ("Harmon") (collectively, "Plaintiffs"), bring this collective action and putative class action against their former employer, Defendant Lazer Spot, Inc. ("Lazer Spot"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, and the Missouri Minimum Wage Law ("MMWL"), Mo. Ann. Stat. § 290.500, by depriving Plaintiffs and similarly situated yard spotters of overtime wages. Lazer Spot has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2). For the reasons stated herein, Defendant's Motion to Dismiss [9] is granted in part and denied in part.

### I.   Background

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

1

Plaintiff Ruthven is a resident of Winnebago County, Illinois. [1] at ¶ 7. Plaintiff Harmon is a resident of St. Francois County, Missouri. *Id.* at ¶ 8. Lazer Spot, Inc. ("Lazer Spot") is a Georgia corporation with locations in about 41 states throughout the United States, including Illinois and Missouri. *Id.* at ¶ 9. Lazer Spot employs "yard spotters," also known as "yard jockeys," who are responsible for moving trailers to and from the docks at given work sites. *Id.* at ¶¶ 10-11. Lazer Spot employed Ruthven as a yard spotter from approximately July 2019 to March 2022. *Id.* at ¶ 7. Lazer Spot employed Harmon as a yard spotter from approximately July 2020 to April 2021. *Id.* at ¶ 8.

As yard spotters, Ruthven's and Harmon's primary job duties included driving a spotter truck and/or day cab within a distribution center to and from loading doors. *Id.* at ¶ 14. Both Ruthven and Harmon worked five to six days a week, regularly worked 10 to 12 hours per day, and regularly worked over 40 hours per week. *Id.* at ¶¶ 15-16, 18. Lazer Spot classified its yard spotters, including Ruthven and Harmon, as exempt from earning overtime pay. *Id.* at ¶ 13. Lazer Spot paid Ruthven and Harmon on an hourly basis and did not pay them time-and-a-half for time worked over 40 hours in a week. *Id.* at ¶¶ 19-20. Lazer Spot similarly did not pay time-and-a-half overtime to other yard spotters it employed. *Id.* at ¶ 21.

Lazer Spot controlled the compensation policies Ruthven and Harmon were subject to, and Plaintiffs allege that Lazer Spot's failure to pay overtime was without good faith, willful, and with reckless disregard for Ruthven, Harmon, and other yard spotters' right. *Id.* at ¶¶ 22-23. By not paying time-and-a-half overtime, Lazer Spot

2

benefitted from reduced labor and payroll costs. *Id.* at ¶ 23. Ruthven, Harmon, and other yard spotters similarly classified as exempt from overtime suffered lost wages and other damages. *Id.* at ¶ 24. Lazer Spot recently changed its compensation policies and now pays yard spotters time-and-a-half overtime rates for hours worked over 40 hours per week. *Id.* at ¶ 25.

Plaintiffs bring this action alleging violations of the FLSA on behalf of themselves and a collective of similarly situated yard spotters pursuant to 29 U.S.C. § 216(b) (Count I); violations of the IMWL on behalf of a putative class of Illinois yard spotters (Count II); and violations of the MMWL on behalf of a putative class of Missouri yard spotters (Count III). *Id.* at ¶¶ 60-81. Lazer Spot moved to dismiss Count I (FLSA claims) pursuant to Rule 12(b)(6) for failure to state a claim and to dismiss Harmon's individual FLSA claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction, or in the alternative, to sever Ruthven's and Harmon's claims into separate actions pursuant to Rule 21. *See* [10].

## II.   Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion

"construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff need not allege facts concerning personal jurisdiction in his or her complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir.

4

2020) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

## III. Analysis

### A. Personal Jurisdiction

The Court first addresses Lazer Spot's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction over Harmon's individual FLSA claims. The Seventh Circuit recently clarified this issue. *See Vanegas v. Signet Builders, Inc.*, 113 F.4th 718 (7th Cir. 2024). The Seventh Circuit joined the Third, Sixth, and Eighth Circuits in applying *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cnty.*, 582 U.S. 255 (2017) to the FLSA context and holding that courts must conduct a "claim-by-claim personal jurisdiction analysis" of FLSA claims. *Id.* at 724. Therefore, in an FLSA collective action, the court "must secure personal jurisdiction over each plaintiff's claim, whether representative or opt-in, individually." *Id.* at 721.

A federal district court may exercise personal jurisdiction to the same extent as a state court in the state in which the federal district court sits. Fed. R. Civ. P. 4(k)(1)(A). The jurisdictional law of Illinois permits a court to exercise jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. 735 Ill. Comp. Stat. Ann. 5/2-209(c). Therefore, the state statutory and federal constitutional requirements merge. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). The Due Process Clause authorizes personal jurisdiction where an out-of-state defendant has sufficient minimum contacts with the state that a suit against the defendant does not offend traditional notions of fair

5

play and substantial justice. *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

A court must secure either general or specific jurisdiction. *Vanegas*, 113 F.4th at 722. General jurisdiction exists only where the defendant is "'essentially at home' because its contacts with a given state are 'continuous and systematic,' as when a business is headquartered or incorporated in that state." *Id.* (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011)). Specific jurisdiction exists where a defendant's contacts with the forum state are "directly related to the conduct pertaining to the claims asserted." *Brook*, 873 F.3d at 552 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)). The specific jurisdiction inquiry focuses on the relationship between the defendant, the forum, and the litigation. *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)).

Plaintiffs only allege that Lazer Spot is a Georgia corporation. [1] at ¶ 9. Plaintiffs offer no allegations regarding where Lazer Spot's principal place of business or headquarters is. *See e.g.*, *id*; [14]. The Court therefore finds that it does not have general jurisdiction over Lazer Spot.

Lazer Spot did not move to dismiss Ruthven's FLSA claims on personal jurisdiction grounds and conceded that the Court has specific jurisdiction over Ruthven's claims. [10] at 12. The Court agrees. Ruthven alleges that he was employed by Lazer Spot in Illinois, brought this suit in Illinois, and the suit pertains to Lazer Spot's alleged actions at its Illinois location. The Court therefore has specific jurisdiction over Ruthven's claims.

Harmon, however, is a resident of Missouri and worked at Lazer Spot's Missouri location. [1] at ¶¶ 8-10. Harmon's FLSA claims therefore relate to Lazer Spot's alleged conduct in Missouri, not Illinois. Lazer Spot's contacts with Illinois, the forum state, are insufficiently related to the conduct pertaining to Harmon's claims, and the Court lacks specific jurisdiction over Harmon's FLSA claims.

Lazer Spot's motion to dismiss Harmon's individual FLSA claims is therefore granted. The Court also dismisses without prejudice Harmon's individual MMWL claims. *See Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed."). Accordingly, the Court also dismisses the Rule 23 class claims related to the MMWL. *See Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011) ("It takes a representative with a live claim to carry on with a class action."). Lazer Spot's alternative request to sever Ruthven's and Harmon's claims is denied as moot.

### B. Statute of Limitations

An action to recover "unpaid minimum wages, unpaid overtime compensation, or liquidated damages" under the FLSA is "barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.A. § 255(a). FLSA claims accrue each payday. *Nehmelman v. Penn Nat. Gaming, Inc.*, 790 F. Supp. 2d 787, 792 (N.D. Ill. 2011).

Lazer Spot asserts that it began paying Ruthven overtime in November 2021, more than two-years before this action was filed on January 15, 2024. [9] at 4. Lazer Spot argues that Ruthven has made only conclusory allegations regarding willfulness, therefore the FLSA's two-year statute of limitations, instead of three years, should apply to Ruthven's individual FLSA claims. *Id.* at 4-10. Lazer Spot argues that other courts have found Lazer Spot drivers to be exempt from overtime requirements under the FLSA's Motor Carrier Act ("MCA") exemption, which shows that Lazer Spot did not act willfully or knowingly here. *Id.* at 6. Lazer Spot also argues that a plaintiff must plead willfulness with specificity to survive a motion to dismiss, relying on the Second Circuit's opinion in *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021). *Id.* at 7.

The existence of other lawsuits where a court has found that certain Lazer Spot employees are subject to the MCA exemption does not "preclude[] a finding that Defendant acted knowingly or recklessly" in this case or establish that Ruthven has inadequately plead willfulness. [9] at 6. The MCA exemption applies to drivers even if they have not driven in interstate commerce, but "could reasonably have been expected to make one of the carrier's interstate runs" or if the driver makes a "purely intrastate run so long as it is a part of a continuous interstate journey." *Burlaka v. Contract Transport Services LLC*, 971 F.3d 718, 719-20 (7th Cir. 2020). Ruthven has not pled any facts in his Complaint that establish that he could have been expected to make interstate runs, or that his job responsibilities of "driving a spotter truck

and/or day cab within the distribution center to and from loading doors" were routes that were part of a continuous interstate journey. *See* [1] at ¶ 14.

As for the sufficiency of Ruthven's willfulness allegations, it is well established that the "statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Tr. Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Only where a plaintiff's complaint "sets out all the elements of an affirmative defense" is dismissal under Rule 12(b)(6) appropriate. *Id.* Lazer Spot relies on *Whiteside* to argue that this general rule does not apply in the context of allegations of willful FLSA violations, and that Plaintiffs are required to plead willfulness with specificity. [9] at 7-10.

In *Whiteside*, the Second Circuit held that "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." 995 F.3d at 323. However, *Whiteside* is not binding on this Court. The majority of courts in this district have held that "bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage." *Diaz v. E&K Cleaners, Inc.*, No. 16-CV-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018); *see also Abdurakhmanova v. Gold Star Carriers Inc.*, No. 1:21-CV-04809, 2024 WL 4347056, at *3 (N.D. Ill. Sept. 30, 2024); *Cline v. FitzMark Chicago, Inc.*, No. 21 CV 04253, 2023 WL 2711615, at *5 (N.D. Ill. Mar. 30, 2023); *Divine v. Volunteers of Am. of Illinois*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018); *Nava v. Barton Staffing Sols., Inc.*, No. 15 C 7350, 2016 WL 3708684, at *2 (N.D. Ill. Jan.

11, 2016); *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *5 (N.D. Ill. Sept. 30, 2013); *but see Butler v. E. Lake Mgt. Group, Inc.*, No. 10 C 6652, 2013 WL 2112032, at *3 (N.D. Ill. May 15, 2013) ("Plaintiff merely states that Defendant's violation was 'willful' but fails to assert any facts to support that conclusory statement").

The Court agrees with the majority of courts in this district and holds that conclusory allegations of willfulness are sufficient to survive a statute of limitations challenge at the pleadings stage. Evidence of willfulness is "uniquely within the province of defendants" and plaintiffs alleging FLSA violations are "unlikely to be able to state a willfulness claim absent discovery." *Diaz*, 2018 WL 439120, at *4. And the determination of whether an FLSA violation was willful is "normally reserved for the trier of fact." *Cline*, 2023 WL 2711615, at *4; *see also Divine*, 319 F. Supp. 3d at 1001 ("Plaintiff will ultimately bear the burden of proving that Defendant's conduct was willful, but that is a matter for the trier of fact to decide at a later stage."). Absent specific guidance from the Seventh Circuit, the Court declines to depart from the well-established general rule that plaintiffs are not required to plead facts to anticipate and defeat affirmative defenses.

Here, Ruthven alleges that Lazer Spot classified him and other yard spotters as exempt from overtime requirements, that he regularly worked over 40 hours per week, that Lazer Spot did not pay him overtime for hours worked over 40 hours per week, and that Lazer Spot did so willfully and with reckless disregard for Ruthven's

10

and other yard spotters' rights. [1] at ¶¶ 13, 18, 20, 23. These allegations are sufficient to survive a statute of limitations challenge at the pleadings stage.

Therefore, Lazer Spot's motion to dismiss Ruthven's individual FLSA claims is denied. Because Ruthven's individual FLSA claims survive, the Court declines to address Lazer Spot's additional requests that the Court dismiss the collective FLSA claims and Rule 23 class claims as to the IMWL, and Lazer Spot's request that the Court decline to exercise supplemental jurisdiction over Ruthven's individual state law claims.

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [9] is granted in part and denied in part. The Court dismisses Plaintiff Harmon's individual FLSA claim in Count I without prejudice and dismisses the Missouri Minimum Wage Law claims (Count III) without prejudice. The Motion to Dismiss is otherwise denied.

E N T E R :

Dated: December 2, 2024

_____
MARY M. ROWLAND
United States District Judge

11